IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| FELIX GARCIA, Jr., <br><br> *Petitioner,* <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> *Respondent.* | § § § § § § § § § § § § Nos. SA-11-CR-213-XR and SA-13-CV-159-XR |

### ORDER

On this date, the Court considered the Magistrate Judge's Report and Recommendation. Doc. No. 187. After careful consideration, the Court ADOPTS the Magistrate Judge's Recommendation and DENIES Petitioner's motion to set aside his sentence under 28 U.S.C. § 2255. Doc. No. 165.

### BACKGROUND

On July 6, 2011, a grand jury returned a superseding indictment charging Petitioner Felix Garcia, Jr. with five counts of federal narcotics violations. Thereafter, Petitioner entered into a written plea agreement with the government. As part of this agreement, Petitioner waived his right to appeal his sentence, or have it reviewed on collateral attack, except for claims of ineffective assistance of counsel ("IAC"). In return for pleading guilty to count one of the superseding indictment, the government agreed to move to dismiss all remaining charges. Pursuant to this plea agreement, Petitioner pled guilty on November 4, 2011, before Magistrate Judge Nancy Stein Novak.

1

The U.S. Probation Office then prepared Petitioner's Presentence Investigation Report ("PSR"). The PSR recommended an adjusted offense level of 38, minus three points for acceptance of responsibility for a total offense level of 35. Of central importance to this motion, the PSR placed Petitioner in criminal history category II, leading to an advisory guideline range sentence of imprisonment between 188 and 235 months. Petitioner, then represented by counsel, did not object to the PSR. On February 7, 2012, this Court found that Petitioner's PSR had been correctly scored and sentenced Petitioner to 188 months of confinement to be followed by a minimum of four years of supervised release. Petitioner did not file a direct appeal.

On February 27, 2013, Petitioner filed this motion to set aside his sentenced under 28 U.S.C. § 2255. Doc. No. 165. Petitioner advanced several arguments for why his sentence should be set aside, mostly centering on the allegedly ineffective performance of trial counsel at sentencing. *Id.* On May 6, 2013, the government responded to the motion. Doc. No. 170. Petitioner did not file a reply, despite twice seeking and obtaining extensions of time in which to do so. On February 7, 2014, Magistrate Judge Mathy issued her Report and Recommendation that the case be dismissed as time-barred, or, in the alternative, because Petitioner has not established an IAC claim of a constitutional-dimension. Doc. No. 187.

On February 27, 2014, Petitioner sought another extension of time to file objections. Doc. No. 191. This motion was granted, and Petitioner was directed to file his objections on or before March 21, 2014. On March 26, 2014, there being no docketed objections, the Court reviewed the Report and Recommendation for clear error. Finding none, the Court denied Petitioner's §2255 motion. Doc. No. 194. However, on that same date, Petitioner's objections

were docketed on the CM/ECF system. Doc. No. 195. Accordingly, and in fairness to Petitioner, the Court granted a motion to vacate its prior order and now will conduct a *de novo* review of the issues to which Petitioner has objected. *See* 28 U.S.C. § 636 (b)(1)(C) (requiring *de novo* review "of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## DISCUSSION

The Magistrate Judge recommended that the Petition should be dismissed as time-barred because it was not filed within the one-year period provided for filing § 2255 petitions. Doc. No. 187. In the alternative, the Magistrate Judge recommended dismissal because Petitioner has failed to show that his Sixth Amendment right to effective assistance of counsel has been violated, and that he has validly waived his right to challenge any other aspect of his sentence. *Id.* In his objections, Petitioner appears to concede that he waived all rights to challenge his sentence except on IAC grounds. Doc. No. 187. Petitioner first objects to the Magistrate Judge's conclusion that this case is time-barred. Doc. No. 195. However, even assuming that the § 2255 petition was timely filed, Petitioner has not shown that he is entitled to post-conviction relief on his IAC claim.

Petitioner's only substantive objection to the Magistrate Judge's Report is his contention that counsel's failure to object to his PSR constituted a violation of Petitioner's right to effective assistance of counsel. Doc. No. 195. Specifically, Petitioner asserts that one of his prior offenses, for which he received deferred adjudication, should not have been counted in calculating his criminal history score. *Id.* Petitioner contends that, had his criminal history been correctly reflected on his PSR, he would have been subjected to a guideline range

of 168 to 210 months of incarceration. *Id.* Petitioner also seeks an evidentiary hearing on this issue. *Id.*

As noted by the Magistrate Judge, it is well established that IAC claims require a convicted defendant to show that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984). To show that counsel's performance was deficient, a criminal defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 689. Courts are deferential when reviewing the performance of counsel, who enjoy a strong presumption that their conduct was reasonable. *Id.* Counsel is not required to make every plausible argument on behalf of his client, and is instead only required by the Constitution to provide "reasonably effective assistance." *Id.* at 687. In addition, under *Strickland*, a criminal defendant must establish that he was prejudiced by counsel's mistake. This requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

After reviewing the record in this case, the Court agrees with the Magistrate Judge that Petitioner has satisfied neither the deficiency nor prejudice prongs of the *Strickland* test. First, counsel was not deficient for failing to object to criminal history calculation in the PSR because it was correctly scored. Petitioner's PSR reflected a criminal history category II based upon two valid prior convictions. In response to this Petition, the government has supplied copies of both convictions. Doc. No. 170, Exs. B & C. Petitioner argues that one of these convictions should not have counted because he received deferred adjudication. However, the

Fifth Circuit is clear that deferred adjudication can count as a prior conviction under 21 U.S.C. § 851. *See United States v. Valdez-Valdez*, 143 F.3d 196, 200 (5th Cir. 1998).

In addition, Petitioner asserts that one prior conviction was "presumptively void" because he was not represented by counsel in that proceeding. Doc. No. 165.  However, the judgment on record indicates that Petitioner *did* have counsel when he obtained this prior conviction. Therefore, there is no factual basis for Petitioner's claim that his counsel in the federal proceeding was deficient for failing to attempt to vacate that prior state court conviction. Inasmuch as the record indicates that Petitioner had two valid prior state convictions, counsel's decision not to object to the PSR was not objectively unreasonable. Counsel's overall performance enabled Defendant to obtain a plea deal in which, in return for giving up certain rights, the government agreed to drop charges which carried significant mandatory minimum sentences.  Moreover, had counsel not obtained this plea deal, the government would have sought a sentencing enhancement on the basis of Petitioner's prior convictions. Doc. No. 170, Ex A.

Second, and in the alternative, Petitioner has not demonstrated sufficient prejudice resulting from counsel's failure to object to the PSR.  In light of the Court's finding that the PSR was correctly scored, Petitioner has not, and cannot, show that the Court would have sustained his objections to the PSR on the grounds that his prior convictions should not have counted towards his criminal history.  Moreover, even assuming Petitioner's calculation of his suggested guideline sentence is correct, he still would have faced a guideline range of 168 to 210 months.  Petitioner cannot show a "reasonable probability" that, had he been sentenced according to his suggested guideline range, he would have received a more favorable outcome

in the form of a sentence between 168 months and the 188 months that he actually received. As a result, Petitioner does not satisfy either the deficiency or prejudice prongs of *Strickland*.

The record conclusively indicates that Petitioner is not entitled to relief. Consequently, Petitioner is not entitled to an evidentiary hearing in this case. *See United States v. Pena-Garavito*, No. 12-50477, 2013 WL 4735027, at *1 (5th Cir. Sept. 4, 2013) ("A district court may deny a 2255 motion without conducting a hearing… if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.").

## CONCLUSION

In light of the foregoing analysis, the Court agrees with the Magistrate Judge that petitioner has not demonstrated a violation of his Sixth Amendment right to counsel. Accordingly, the Court ADOPTS the Report and Recommendation and DENIES the § 2255 petition. Doc. No. 165.

SIGNED this 23rd day of April, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE